# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES WILLIAMS, | Case No.: 2:18-cv-02432-APG-VCF |
| Plaintiff | **Order (1) Granting Motions to Dismiss, (2) Denying Motions to Amend and for Equitable Relief** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | [ECF Nos. 6, 12, 32, 33] |
| Defendants | |

Plaintiff James Williams brought this lawsuit in state court against the Las Vegas Metropolitan Police Department, Sheriff Joseph Lombardo, Joshua Bromley, Jimmy Ruiz, Chris Heim, Bonnie Polley, Theodore Schafer, Shane Stephens, David Rose, and Logan Jex (collectively, the "LVMPD Defendants"), Joseph Negri, James Deane, Clark County District Attorney Steven B. Wolfson, and Deputy District Attorney Frank Logrippo. He alleges civil rights violations related to conditions of confinement that occurred while he was incarcerated at the Clark County Detention Center (CCDC) and two Nevada Department of Corrections (NDOC) facilities.

The LVMPD defendants removed the case to federal court and moved to dismiss, arguing Williams failed to prosecute his case by waiting four years before serving any defendants and by delaying litigation with continuous motions to amend his complaint. ECF No. 6 at 9. They contend they are prejudiced given how much time has passed since the alleged violations occurred. *Id.* at 10. Finally, they argue Williams has failed to state a claim against any of the LVMPD defendants. *Id.* at 12-15.

Negri joined that motion to dismiss and filed his own motion arguing, among other things, that he should be dismissed from the case because none of the allegations in the operative

complaint is against him. *See* ECF Nos. 12 at 1-2, 5-6; 13.  The LVMPD defendants joined Negri's motion, James Deane joined both motions, and DA Wolfson and Deputy DA Logrippo joined the LVMPD defendants' motion. ECF Nos. 14; 15; 18; 19.

Williams responded to the LVMPD defendants' motion, arguing that the defendants' actions caused him to be unable to do any meaningful work on his case because they interfered with his ability to access the courts. ECF No. 9 at 3-4.  He did not respond to Negri's motion, so I grant Negri's motion as unopposed. LR 7-2(d).

Williams also moves to amend his complaint and for equitable relief. ECF Nos. 32; 33. The proposed amended complaint is nearly identical to a prior proposed amended complaint I already denied. *See* ECF Nos. 21; 31.

**I.    ANALYSIS**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute, to obey a court order, or to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b), I must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423.

Here, the first three factors weigh in favor of dismissal. Williams filed his complaint in July 2014 but did not serve the defendants until December 2018. *See* ECF Nos. 1-1 at 2; 1-7 at 42; 1-8 at 1-33. While the state court allowed him to amend his complaint in February 2017, he did not serve the defendants with the amended complaint for another 22 months. *Id.*; *see also* ECF No. 1-3 at 34. And almost none of the named defendants appears in the allegations in the amended complaint. *See* ECF No. 12-2. Further, a presumption of injury arises from unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Williams continues to delay this case by filing motions to amend his complaint, including a recent version that is nearly identical to a prior proposed complaint that was already denied in this case.[1]

---

[1] Making repeated requests for the same relief is an abusive litigation tactic that taxes the resources of both the court and the parties. Rule 11 provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)). In *Nugget*, the Ninth Circuit upheld the district court's imposition of Rule 11 sanctions because a party's second motion to compel largely duplicated the first. *Id.* Williams has already been warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions. *See Williams v. F.N.U. Clark et al.*, 2:14-cv-00414-APG-PAL, ECF No. 57. Yet he continues to bring duplicative motions in this action. Because I am dismissing the case, I will not impose monetary sanctions.

Williams argues the delay was due to the defendants' actions. ECF No. 9 at 3-4.  He asks me to look at an inoperative amended complaint for evidence that the defendants interfered with his access to the courts. *Id.* at 4.  But even that document does not present evidence to refute that he failed to prosecute his case.  For example, between February 2017, when he was granted leave to amend his complaint, and December 2018, when he finally served the defendants, Williams was able to file two emergency motions and a change of address in another case. *See Williams v. F.N.U. Clark et al.*, 2:14-cv-00414-APG-PAL, ECF Nos. 99; 103; 104.  He was also able to file a new complaint in yet another case and actively participate in that case. *See Williams v. Las Vegas Metro. Police Dep't et al.*, 2:16-cv-03020-APG-NJK, ECF Nos. 4; 5; 6; 7; 9.  Finally, he was not in CCDC or NDOC custody throughout the entire period.  Williams cannot blame the defendants for interfering with his ability to timely serve the defendants and prosecute his case.

The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal.  As to the fifth factor (the availability of less drastic sanctions), there are no better alternatives.  Williams admits that he is not new to litigation. *See* ECF No. 9 at 3.  He was able to prosecute other actions, but apparently chose not to pursue this one.  Further, he has been warned to stop filing duplicative motions, yet he continues to do so.  Given all this, the appropriate sanction is dismissal.

**II.    CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff James Williams's motions for leave to file an amended complaint and for equitable relief **(ECF Nos. 32, 33) are DENIED**.

/ / / /

/ / / /

/ / / /

IT IS FURTHER ORDERED that the defendants' motions to dismiss **(ECF Nos. 6, 12) are GRANTED**, and this case is **DISMISSED** with prejudice.  The clerk of court is instructed to enter judgment in favor of the defendants and against the plaintiff, and to close this case.

DATED this 23rd day of September, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE